Affiliated Funding Corp. v Money Source, Inc. (2020 NY Slip Op 02031)





Affiliated Funding Corp. v Money Source, Inc.


2020 NY Slip Op 02031


Decided on March 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
ANGELA G. IANNACCI, JJ.


2017-00290
2017-03002
 (Index No. 3302/15)

[*1]Affiliated Funding Corp., respondent, 
v
Money Source, Inc., appellant.


Hinshaw & Culbertson LLP, New York, NY (Alan F. Kaufman, Bryce Wallace Newell, Frank Giglio, and Robert D. Goner of counsel), for appellant.
White, Cirrito & Nally, LLP, Hempstead, NY (Christopher M. Lynch of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for breach of contract and unjust enrichment, the defendant appeals from (1) an order of the Supreme Court, Suffolk County (Joseph C. Pastoressa, J.), dated December 15, 2016, and (2) a judgment of the same court entered February 28, 2017. The order granted the plaintiff's motion for summary judgment on the complaint and dismissing the defendant's affirmative defenses and counterclaims, and denied the defendant's cross motion for summary judgment dismissing the complaint and on its counterclaims. The judgment, upon the order, is in favor of the plaintiff and against the defendant in the total sum of $451,924.50.
ORDERED that the appeal from the order is dismissed, without costs or disbursements; and it is further,
ORDERED that the judgment is reversed, on the law, without costs or disbursements, those branches of the plaintiff's motion which were for summary judgment on the complaint, dismissing the defendant's affirmative defenses, dismissing the counterclaim alleging breach of contract to the extent that it alleged that the plaintiff failed to notify the defendant of changes in its regulatory and operational status, and dismissing the counterclaim seeking to recover costs are denied, and the order is modified accordingly.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho , 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
In January 2013, the parties entered into a "correspondent agreement" pursuant to which the plaintiff would sell residential mortgage loans to the defendant. In March 2013, the parties entered into a "default escrow agreement" in which the plaintiff agreed to place funds in escrow to reimburse the defendant for any losses it incurred in connection with loans it purchased from the plaintiff during a certain period. However, to the extent that the defendant experienced no such losses or made no claims of such losses, the default escrow agreement required the defendant to [*2]repay the escrow funds to the plaintiff in four installments beginning six months after the execution of the agreement.
In February 2015, the plaintiff commenced this action to recover damages for breach of contract and unjust enrichment, alleging that the defendant had failed to make the final two repayment installments required by the default escrow agreement. The defendant served an answer asserting various affirmative defenses and counterclaims alleging, inter alia, breach of contract on the plaintiff's part. The plaintiff moved for summary judgment on the complaint and dismissing the defendant's affirmative defenses and counterclaims. The defendant cross-moved for summary judgment dismissing the complaint and on its counterclaims. The Supreme Court granted the plaintiff's motion and denied the defendant's cross motion. Thereafter, the Supreme Court entered a judgment in favor of the plaintiff and against the defendant in the total sum of $451,924.50. The defendant appeals.
The Supreme Court should not have granted that branch of the plaintiff's motion which was for summary judgment on the complaint. With respect to the plaintiff's cause of action alleging breach of contract, the record presented fact questions as to whether the correspondent agreement and default escrow agreement were mutually dependent, and whether the plaintiff materially breached its obligations under the former such that the defendant's performance under the latter was excused by virtue of changes in its operational and regulatory status and a failure on its part to notify the defendant of them (see generally Rudman v Cowles Communications , 30 NY2d 1, 13). The plaintiff failed to demonstrate the absence of such triable issues of fact. As such, that branch of the plaintiff's motion which was for summary judgment on the breach of contract cause of action and dismissing so much of the breach of contract counterclaim as alleged that the plaintiff failed to notify the defendant of changes in its regulatory and operational status should have been denied, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr. , 64 NY2d 851, 853).
Inasmuch as the plaintiff's cause of action to recover damages for breach of contract remains viable and unresolved, that branch of the plaintiff's motion which was for summary judgment dismissing the defendant's counterclaim seeking to recover the costs incurred in defending the action should also have been denied (see CPLR 8101).
Contrary to the defendant's contention, since it failed to establish its prima facie entitlement to judgment as a matter of law, those branches of its cross motion which were for summary judgment dismissing the plaintiff's breach of contract cause of action and on its counterclaims were properly denied, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr. , 64 NY2d at 853).
The defendant's remaining contentions are without merit.
DILLON, J.P., COHEN, MILLER and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court